# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2026

Lyle W. Cayce
Clerk

No. 25-60377

Precision Refractory Services, L.L.C., *and its Successors*,

*Petitioner*,

*versus*

Keith Sonderling, *Acting Secretary, U.S. Department of Labor*;
Occupational Safety and Health Review Commission,

*Respondents*.

Petition for Review of an Order of the
Occupational Safety & Health Review Commission
Agency No. 23-0121

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Precision Refractory Services, LLC ("PRS"), a refractory services and fireproofing company, petitions for review from a final order by the Occupational Safety and Health Review Commission ("the Commission"). In that order, the Commission found PRS in serious violation of a regulation requiring employers to take certain steps to prevent objects from falling off

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

scaffolding and striking employees. *See* 29 C.F.R. § 1926.451(h)(2)(i)–(v). A three-foot-long metal pipe fell off a scaffold, hit an employee, and hospitalized him. The Commission fined PRS $7,000 for allowing its bricklayers to "enter a hazard area located below [a] scaffold where objects could fall" without putting any other safety measures in place.

In its petition, PRS argues that (1) it cannot be held liable for the cited violation, and (2) even if it could be held liable, the Secretary failed to show by a preponderance of the evidence that PRS knew or could have known of the violative condition with reasonable diligence.

First, the cited violation. The relevant regulation lists five different methods employers can use to protect their employees from falling objects. 29 C.F.R. § 1926.451(h)(2). "[T]he record establish[ed that] no physical methods for preventing objects falling from the scaffold were in use," so the Commission fined PRS for failing to implement even the simplest one— "barricad[ing]" the "area below the scaffold" to prohibit employees from "enter[ing] the hazard area." *Id.* § 1926.451(h)(2)(i).

In response, PRS argues that the compliance methods available to an employer depend on the type of scaffolding at issue. PRS contends that if scaffolding is taller than 10 meters, then an employer must install toeboards. PRS's scaffolding stood 14 meters tall, and the scaffolding subcontractor PRS used for its worksite was the only one competent to install toeboards. Therefore, PRS contends, it cannot be held liable for the safety violation.

But by its plain language, § 1926.451(h)(2) provides five "alternative means" for employers to comply with the scaffolding-safety regulations. Safety Standards for Scaffolds Used in the Construction Industry, 61 Fed. Reg. 46026, 46076 (Aug. 30, 1996) ("[The standard] sets forth *several alternative means* by which employers can provide the required protection."

No. 25-60377

(emphasis added)). PRS failed to do any of them. So it does not matter whether or why it failed to install toeboards.

PRS also argues that the Commission lacked substantial evidence to find the existence of a falling-object danger. We disagree. The testimony shows that insulated bricks, curry combs, margin trowels, and cardboard boxes were present on the upper scaffold levels, and employees were throwing at least the cardboard boxes down to the lower levels at the time of the incident. The scaffold-safety regulations apply any time there is a "danger of tools, materials, or equipment falling." 29 C.F.R. § 1926.451(h)(2). Substantial evidence suggests the presence of that danger.

Second, PRS's knowledge of the violation. "To prove knowledge, 'the Secretary must show that the employer knew of, or with exercise of reasonable diligence could have known of the non-complying condition.'" *Sanderson Farms, Inc. v. Perez*, 811 F.3d 730, 736 (5th Cir. 2016) (quotation omitted). When an employer instructs supervisory employees to ensure compliance with safety standards, the employees' knowledge of a violation is imputed to the employer. *Id.* at 737; *see also W.G. Yates & Sons Constr. Co. v. OSHRC*, 459 F.3d 604, 607 (5th Cir. 2006) (similar).

We have reviewed the parties' briefs and the record. The record contains substantial evidence that PRS's supervisory personnel had actual or constructive knowledge of the risk of falling objects striking the workers below. It also contains substantial evidence that the violation was "serious."

The petition for review is DENIED. The Secretary of Labor's motion to strike a portion of PRS's reply brief is DENIED.

3